ALLAN B. REEVES, Plaintiff-Appellee, *v.* GODFREY RED-E-MIX CONCRETE, INC., *et al.,* Defendant-Appellant.

(No. 72-65;

Fifth District—March 22, 1973.

*Rehearing denied April 24, 1973.*

Richard A. Cagle, of Alton, for appellant.

Maurice Dailey, of Granite City, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from a judgment of the Circuit Court of Madison County finding in favor of the plaintiff on his complaint and against the defendant, Louis A. Chaperlo, on his counterclaim.

This is an action growing out of a contract or agreement, whereby the plaintiff, in Count I of his complaint, sought to recover the balance of $14,000 plus interest on a promissory note which had been signed by the defendant, Godfrey Red-E-Mix, and which had been given to the plaintiff in return for $15,000 advanced to the corporation for operating expense.

In Court II the plaintiff sought to have returned to him a certain promissory note in the amount of $32,000 which he had given to the defendant, Louis A. Chaperlo, to secure payment for 80 percent of the stock in Godfrey Red-E-Mix Concrete, Inc. Plaintiff sought certain other

relief against the individual defendant for one payment made on the $32,000 note, with interest, and for obligations for truck rental, repairs and parts which plaintiff alleged that he furnished to defendant during the time that he was participating in the operation of Godfrey Red-E-Mix Concrete, Inc.

The court entered judgment for the plaintiff on both counts of his complaint.

Defendant filed a counterclaim for judgment in the amount of $31,500 with interest, being the amount unpaid on the $32,000 note and for specific performance of an alleged agreement between plaintiff and defendant Chaperlo, whereby defendant Chaperlo financed the purchase of the assets of Godfrey Red-E-Concrete, Inc., relying upon the promises and acts of the plaintiff to purchase 80 percent of the stock of that corporation from the defendant.

At the beginning of the oral argument of this case, plaintiff stated that the counterclaimant had sold the assets of Godfrey Red-E-Mix six months prior to oral argument. The only issues remaining for review are (1) whether the court erred in ordering the return to the plaintiff of the balance unpaid on the $15,000 promissory note, and (2) whether the court erred in refusing to allow defendant to amend his pleadings during the course of trial to include a count for money damages to an alternate remedy.

We find that no error of law appears, that an opinion in this case would have no precedential value, and that the judgment of the trial court is not against the manifest weight of the evidence.

We therefore affirm the judgment of the trial court in compliance with 50 Ill.2d R. 23.

Judgment affirmed.

EBERSPACHER, P. J., and JONES, J., concur.